# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-324V
Filed: June 20, 2013
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KELLY HOWARD, as mother and natural guardian of the minor, NATALIE HOWARD, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Damages decision based on stipulation; diphtheria-tetanus-pertussis vaccine; measles-mumps-rubella vaccine; inactivated polio vaccine; varicella vaccine; acute disseminated encephalomyelitis |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Michael A. London, New York, NY, for petitioner.
Julia W. McInerny, Washington, DC, for respondent.


**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On June 20, 2013, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that her daughter suffered acute disseminated encephalomyelitis (ADEM) and other adverse injuries that were caused by her June 23, 2010 receipt of diphtheria-tetanus-pertussis vaccine, measles-mumps-rubella vaccine, inactivated polio vaccine, and varicella vaccine. Respondent denies that petitioner's daughter's

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

ADEM, or any other injury, was caused by her vaccinations. Nonetheless, the parties agreed to resolve this matter informally.

The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the Court awards petitioner a lump sum of **$57,500.00,** representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check for **$57,500.00** made payable to petitioner, as guardian/conservator of Natalie Howard's estate.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**


Dated: <u>June 20, 2013</u>                                                    s/ Laura D. Millman
                                                                                      Laura D. Millman
                                                                                      Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

KELLY HOWARD, as mother and natural )
Guardian of the minor, NATALIE )
HOWARD, )
                              )
            Petitioner, )
      v. )
                              )
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
                              )
            Respondent. )

No. 12-324V
Special Master Millman
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Kelly Howard, as mother and natural guardian of the minor child, Natalie Howard, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Natalie's receipt of the following vaccines: diphtheria-tetanus-pertussis ("DTP"),[1] measles-mumps-rubella ("MMR"), inactivated polio ("IPV"), and Varicella, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Natalie received her DTaP, MMR, IPV, and Varicella vaccines on or about June 23, 2010.

3. The vaccinations were administered within the United States.

---

[1] Records confirm that Natalie received a diphtheria-tetanus-acellular pertussis ("DTaP") vaccination.

4. Petitioner alleges that Natalie sustained acute disseminated encephalomyelitis ("ADEM"), and other adverse injuries as a result of the vaccines. Petitioner further alleges that she developed adverse injuries as sequelae and that she experienced the residual effects of these injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Natalie's behalf as a result of her condition.

6. Respondent denies that Natalie suffered ADEM or any other injury as the result of her June 23, 2010, DTaP, MMR, IPV and Varicella vaccinations.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $57,500.00 in the form of a check payable to petitioner, as guardian/conservator of Natalie's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)(1)(A).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all

2

known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of Natalie Howard as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Natalie's estate under the laws of the New Hampshire. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of Natalie's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Natalie Howard at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Natalie Howard upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of Natalie, on behalf of herself, Natalie, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and

3

unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Natalie resulting from, or alleged to have resulted from, the DTaP, MMR, IPV, and Varicella vaccinations administered on June 23, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about May 23, 2010, in the United States Court of Federal Claims as petition No. 12-324V.

15. If Natalie should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the

4

items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, MMR, IPV, or Varicella vaccines caused Natalie's ADEM or any other injury or that Natalie's current disabilities are sequelae of any alleged vaccine injury.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of Natalie Howard.

END OF STIPULATION

5

Respectfully submitted,

PETITIONER:

_Kelly Howard_
KELLY HOWARD

ATTORNEY OF RECORD FOR
PETITIONER:

_____
MICHAEL LONDON
DOUGLAS & LONDON
111 John Street, Suite 1400
New York, New York 10038
(212) 566-7500

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: _6/20/13_____

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

6